Jones, J.
The expressed terms and conditions agreed on between Valentine & Co. and Fairchild & Robinson were as above found, and the complaint, although inartificially, yet substantially, alleges them to have been the terms and conditions of the agreement, bfor does it seem to me that there is any serious conflict between the parties but that the expressed terms and conditions were as above found. But the dispute is as to the effect of these expressed terms and conditions. The plaintiff claims that by them no partnership is created, but that the defendants are merely his agents, and that they are bound to account to him, without his accounting to them. The defendants, *572 on the other hand, claim that a partnership is constituted by them, and consequently that they are entitled to an account, and the plaintiff cannot have an account from, without accounting to, them.
For the disposition of this action, I think it unnecessary to determine whether this agreement constitutes a technical partnership, as between the parties themselves, or not. Both parties seek an accounting under the agreement. Each of them has a present right, as against the other, to an accounting, whether they are partners or not, it being alleged and conceded that the business has entirely ceased by reason of the failure of Valentine & Co.; and the principles on which the accounting müst be taken will be the same whether the agreement constitutes' a partnership or not.
The plaintiff seems to suppose that if there is no partnership, and the defendants were simply his agents, he is entitled to an account from, without rendering an account to, the defendants. This, however, is not so. . If such be the construction of the agreement, then this action can only be sustained on the ground of its necessity for the purpose of adjusting mutual accounts. (Wilson v. Mallett, 4 Sandf. 112.) It being sustainable on that ground alone, it is obvious that the plaintiff -must also account, so that the mutual accounts may be adjusted.
' But the plaintiff is in error in supposing that, in. the event of the agreement not constituting a partnership, the sole relation of the defendant Valentine & Co. to him is that of his agents owing duties to him without his owing any duty to 'them. Under the agreement, the plaintiff' was to dispose of the goods shipped to him, and remit the proceeds to the defendants, to be applied, under the agreement, to the payment of drafts. It is evident that the defendants- relied on the goods to furnish the means wherewith to pay for them, and not on the personal *573 responsibility of the plaintiff. If, then, the defendants Valentine & Co. were, under the agreement, only agents of the plaintiff, as to the matters to be performed by them, the plaintiff was also their agent, as to the matters to be done by him. This presents a strong ease of mutual accounts.
If, however, the agreement did constitute a partnership, there is no question but that- the accounting must be mutual. But the plaintiff says the defendant is not entitled to an accounting on the theory of a partnership, because he does not aver that the partnership has been dissolved, nor pray for a dissolution, and also because he does not bring into court the sum of $3322, which it is alleged he has received and not applied according to the agreement.
As to the first objection, the partnership was one at will, determinable at any moment, -at the will of either of the partners; the business had entirely ceased; and by reason of the insolvency and assignment of Valentine & Co. it was impossible to resuscitate or continue it. These facts appear both in the complaint and answer. If they do not of themselves dissolve the partnership, they furnish ample cause for a decree of dissolution.- Both parties agree that the business is at an end, and that the subject matter of the - agreement is extinguished; they both seek an accounting, disputing only as to the principles on which it shall be taken; under such circumstances, the court may, in disposing of the cause after trial, well disregard the want of an averment that the partnership has been dissolved, or of a prayer for a decree of dissolution, even if such averment and prayer be technically necessary. -
As to the second objection, the sum in question is not a private debt due to the firm. It is money received by one of the partners in course of the partnership business, and Valentine & Co. insist there is a balance in their favor. *574 There is, therefore, no pretense for compelling them to pay it in. (Collyer on Partnership, § 302.)
The plaintiff, however, insists that Valentine & Oo. were bound by the terms of the agreement to apply this sum to the payment of debts of the business, and that they are consequently bound so to apply it irrespective of the state of the accounts. It is not, however, at present, a question as to what they were bound to do during the running of the business, but what they are bound to do to entitle themselves to an accounting from the plaintiff. This action is between the original parties to the agreement. By the agreement, the primary fund for the payment of the debts in question was the proceeds arising from the sale of the goods. If the goods themselves, now held by the plaintiff, and the proceeds arising from the sale thereof, now actually or in contemplation of law in the plaintiff’s hands, are sufficient to pay the debts of the business, and leave a profit, one half of which would be the sum of $3222, there can be no justice in requiring the defendants, as between themselves and the plaintiff, to pay that sum into court, or apply it to the debts. It is, on the contrary, the duty of the plaintiff to apply the goods and proceeds in his hands to such payment.
Whether the agreement, then, constitutes a technical partnership or not, the accounting must be mutual. That accounting must be taken, and the assets of the business applied according to the terms of the agreement. And it is evident that the principles on 'which the account must be conducted will be the same, whether the agreement constitutes a partnership or not.
T-his adjustment of accounts may. be had in this action, in either aspect of the agreement. If it constitutes an agency only, under, the allegation and prayer of the complaint; if it be a partnership, it may be had under the *575 answer and its prayer, as affirmative relief. (Code, §§ 149, 150, 274.)
There must he judgment declaring said assignment void as to the plaintiff and Fairchild & Robinson, and the creditors of the business carried on under said agreement, so far as it tends to transfer any property sent to Valentine & Co. under said agreement, or the proceeds thereof, and directing both the plaintiff and defendants to come to an accounting together, of and concerning said business. Such accounting to be had before John M. Mason, who is hereby appointed a referee for that purpose. A receiver must also be appointed, under the direction of said referee, to whom both plaintiff and defendants must transfer all assets now remaining' in their hands, of the said business, including the policies of insurance and Jeffry drafts mentioned in the complaint, and all moneys received thereon, and all goods now in the hands of the plaintiff, and drafts or evidences of debt taken for the payment of such as have been sold; but excluding any mere general indebtedness of either of the parties to the other for moneys received in the course of the business, and not on hand at the time of the assignment, for which indebtedness, when ascertained by the referee, the receiver to be appointed shall, in case the assets be insufficient to pay the creditors of the business in full, bring an action to recover; but if such assets be sufficient to pay such creditors in full, but insufficient to pay such indebtedness in full, the party in whose favor such indebtedness is reported shall have against the other a personal judgment for the amount unpaid.
The transfer of the assets must be under the direction of said referee, who shall for that purpose have power to summon the parties and witnesses, as shall be necessary for that purpose.
The receiver to ascertain who are the creditors of said *576 business, and the amounts due them respectively, and out of the assets in his hands to pay such creditors the amounts due them respectively in full; or if the assets be insufficient to pay them in full, then to pay them fro rata. And if any surplus be left, then to divide such surplus equally between the plaintiff and the defendant George F. Valentine; unless the said referee shall find either said plaintiff or Valentine & Co.'to be indebted, the one to the other, on the accounting taken by him; in which case such surplus shall be first appropriated to the payment of ■ such indebtedness, and the residue only (if any) be divided equally between the plaintiff and the defendant George F. Valentine.
An injunction must also go against both plaintiff and defendants.
Both parties to have costs of this action, to be paid out of said assets in the first instance.